UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                       Case No. 3:12-cr-00446

         Plaintiff

v.                                             ORDER

Paulette Roberts,

         Defendant

The Government has filed a Motion for Rule 17(c) Subpoenas (Doc. No. 28). The Defendant filed her opposition to this request (Doc. No. 30), and the Government has replied (Doc. No. 31). As explained below, the Government's request is granted in part but modified in part.

The Government seeks from me an order authorizing the issuance of seven subpoenas for pretrial production of documents. Four of the subpoenas are directed to financial institutions (Doc. No. 28, Attachments A-C & G), two to law firms (Attachments D & E), and one to an individual named Georgeann Roberts (Attachment F), presumably a relative of Defendant Paulette Roberts. The Government argues its request is proper under Rule 17(c), as described in *United States v. Nixon*, 418 U.S. 683, 699-700 (1974).

Defendant objects to the Government's request based upon the failure of these requests to conform with the purpose and requirements of the rule. In particular, Defendant argues the Government cannot show these records could not have been obtained in advance – through production to the grand jury, for example – and therefore it is too late for the government to obtain

them in this fashion. Defendant also objects to the requests directed to the two law firms as seeking potentially privileged information.

The Government replies this is the type of request the rule contemplates, and failure to allow the issuance of these subpoenas at this time will lead to unnecessary delays at trial due to the attendant delay in the parties reviewing and marking them as potential exhibits. The Government also argues no attorney-client privilege applies to "the identity of a client, the fact of consultation, the payment of fees and the details of a retainer… ." (Doc. No. 31 at 2 (citations omitted).)

The parties seem to agree the decision on this matter is entirely within my discretion. *United States v. Bowman Dairy Co.*, 341 U.S. 214 (1951). In reviewing the parties' arguments as set forth in their memoranda, I cannot say the Government has somehow run afoul of the purposes of Rule 17(c). In fact, permitting this request will ease preparation for trial and avoid unnecessary delays on the eve of trial due to confusion, additional time to review and mark the documents, and for me to resolve potential objections to their admissibility. Accordingly, I find the Government's request to be generally proper and within the scope of Rule 17(c).

I do have concerns, however, about the scope of the subpoenas to the two law firms. Both subpoenas contain the following language after the listing of specific payments allegedly made by the Defendant: "1. Provide a copy of the statement or invoice which comprises the charges paid by the listed payments." (Doc. No. 28, Attachments D & E). As Defendant correctly notes, production consistent with this demand may lead to the production of detailed billing descriptions which may infringe upon the attorney-client privilege.

Accordingly, the Government's motion is granted with regard to five of the subpoenas, Attachments A-C, F and G. If the Government wishes to pursue the documents requested in the two subpoenas to the law firms, Attachments D & E, it may do so only if upon receipt of those documents the Government delivers them to this court, without viewing or duplication, for my *in*

2

*camera* inspection. Depending on the nature of the response to these subpoenas, I may then allow counsel for the Defendant to review the documents to determine her position as to the proper assertion of any attorney-client privilege. I will then determine the validity of the assertion of such privilege.

    So Ordered.

                                               s/ Jeffrey J. Helmick
                                               United States District Judge