UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

United States of America,                                  Case No. 3:12-cr-00446

          Plaintiff

v.                                                         ORDER

Paulette Roberts,

          Defendant

### I.  INTRODUCTION AND BACKGROUND

Paulette Roberts was indicted on one count of conspiracy to commit bank fraud, one count of bank fraud, one count of bank bribery, and forty-one counts of money laundering. On July 25, 2015, a jury found her guilty on all 44 counts. Roberts' trial counsel, Catherine Killam, filed a motion to withdraw prior to the scheduling of a sentencing hearing. (Doc. No. 70). On October 20, 2014, I held a hearing, at which Roberts, Killam, and the two Assistant United States Attorneys assigned to the case were present. After discussing the motion to withdraw with counsel and Roberts, I granted the motion and appointed Neil McElroy under the Criminal Justice Act. (Doc. No. 71; Doc. No. 100). During that hearing, Roberts, through new counsel, expressed a desire to file a motion for a new trial pursuant to Rule 33. On February 16, 2015, Roberts filed a motion for leave to file a Rule 33 motion, seeking vacatur of her convictions and requesting an evidentiary hearing on her motion for a new trial. (Doc. No. 90). The government filed a memorandum in opposition. (Doc. No. 102). Roberts filed a memorandum in reply. (Doc. No. 105). For the

reasons that follow, Roberts' motion for leave is granted and the parties are ordered to submit supplemental briefing as detailed below.

## II.    STANDARD

Rule 33 permits a defendant to file a motion asking the court to "vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). A new-trial motion founded upon newly-discovered evidence must be filed within 3 years after a guilty verdict, while a new-trial motion "grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty." Fed. R. Crim. P. 33(b)(1)-(2).

## III.    ANALYSIS

Roberts' motion is founded upon claims of ineffective assistance of counsel during pre-trial and trial proceedings, and does not raise claims of newly-discovered evidence. It was filed more than six months after the jury returned the guilty verdicts and thus is facially untimely. Rule 33's deadlines, however, are not jurisdictional. I may consider Roberts' motion for a new trial if she "failed to act because of excusable neglect." *United States v. Munoz*, 605 F.3d 359, 367 (6th Cir. 2010) (quoting Fed. R. Crim. P. 45(b)). In *Munoz*, the jury found the defendant guilty of conspiracy to distribute methamphetamine, and aiding and abetting the distribution of methamphetamine. Prior to sentencing, Munoz's trial counsel filed a motion to withdraw and new counsel filed a notice of appearance. *Munoz*, 605 F.3d at 365. New counsel filed an untimely Rule 33 motion, arguing trial counsel had provided ineffective assistance. *Id.* at 366. The district court agreed and granted the motion. *Id.* After the government appealed, the Sixth Circuit affirmed the district court's decision to permit the untimely filing, though it reversed the ineffective-assistance determination. *Id.* at 373, 382.

To determine "what constitutes 'excusable neglect' in the context of a late-filed Rule 33 motion," the *Munoz* court adopted a list of factors set forth in *Pioneer Investment Services Co. v. Brunswick Associates*, 507 U.S. 380 (1993). *Munoz*, 605 F.3d at 367-68. The *Munoz* court evaluated (1)

2

the reason for the delay, including whether the delay was within the reasonable control of the defendant; (2) the risk of prejudice to the government; (3) the length of the delay and its potential impact on judicial proceedings; and (4) whether the defendant acted in good faith. *Id.* at 368 n.5, 369-72.

Here, the government argues the motion for leave should be denied because (1) Roberts fails to allege an error rising to the level of a Sixth Amendment violation; (2) Roberts should not be permitted to file a new trial motion based on the performance of her retained counsel; (3) there is no justification for the four-month delay between the appointment of new counsel and the date the Rule 33 motion was filed; (4) it will be prejudiced by "the continued passage of time and the continuing fading of memories of witnesses"; and (5) it will be prejudiced by having to retry the case following the transfer of the FBI case agent previously assigned to the case. (Doc. No. 102 at 5-7).

A defendant has a Sixth Amendment right to the effective assistance of counsel during plea bargaining. *Lafler v. Cooper*, 132 S. Ct. 1376 (2012). Roberts alleges the government offered to permit her to plead guilty to bank fraud but that Killam failed to explain to her the strength of the government's case, what the government needed to prove to convict her, the likelihood she would be convicted, or the difference in the sentences she might receive pursuant to the plea offer or as the result of a guilty verdict. (Doc. No. 90-1 at 1-2). Killam corroborates Roberts' contention that there was an offer to plead guilty to bank fraud. (Doc. No. 105-1). Roberts' motion for leave facially alleges a violation of her Sixth Amendment right to counsel.

### A. REASON FOR DELAY

The government argues Roberts "should be bound by her choice of counsel" because Killam initially was retained and should not be permitted to file her motion after the deadline has passed. (Doc. No. 102 at 5). The *Munoz* court rejected a substantially similar argument. Whether retained or assigned, an attorney acts as the client's agent. A client is not bound by the actions or omissions of an attorney who provides constitutionally ineffective assistance under "the agency-law

axiom that a principal is not bound by his agent's conduct where the agent 'is acting adversely to the principal's interests.'" *Munoz*, 605 F.3d at 371 (quoting *Downs v. McNeil*, 520 F.3d 1311, 1320-21 (11th Cir. 2008)). Relatedly, "courts have long made special procedural allowances for [habeas corpus petitioners] who fail to timely raise ineffective-assistance-of-counsel claims against lawyers who continue to represent them at the time those claims would properly have been raised." *Munoz*, 605 F.3d at 369. As in *Munoz*, I conclude trial counsel's "continuing representation of [the defendant] during the window for timely filing a Rule 33 motion [is] a valid reason for the delay, and that the delay was not fairly within [the defendant's] control." *Id.* at 371. This factor weighs in favor of Roberts.

### B. PREJUDICE TO THE GOVERNMENT

As the *Munoz* court recognized, it generally is true that a witness's memory may be compromised by the passage of time. *Id.* The risk of prejudice, however, is not as great here as the government contends. The government asserts it is "simply unreasonable" to expect witnesses to continue to remember events more than ten years after those events occurred. (Doc. No. 102 at 7). While any potential new trial would necessarily take place more than a year after Roberts' conviction, the witnesses at trial successfully recalled events that had occurred nine years beforehand. The government's contention that this relatively-insubstantial additional period of time would cause undue prejudice is not persuasive.

The government also argues it will be prejudiced by having to retry the case as well as by the fact Roberts has heard "all of the Government's witnesses and arguments." (Doc. No. 102 at 6-7). The *Munoz* court ruled neither of these contentions can be attributed to the defendant's late filing and are not a reason to deny leave to file an otherwise untimely Rule 33 motion. *Munoz*, 605 F.3d at 371.

Finally, the government argues it will be prejudiced because the FBI agent who investigated the events leading to Roberts' indictment, and who assisted in the government's preparation for trial,

4

has been transferred to a different field office and will not be available to serve in the same capacity prior to a new trial. (Doc. No. 102 at 7). While this development admittedly may make preparing for a re-trial more difficult, the case agent is not "unavailable" as a witness under the Rules of Evidence, and the government has not made a showing that it would not have encountered this obstacle if Roberts had filed a timely Rule 33 motion. *See Munoz*, 605 F.3d at 371-72. Thus this factor does not clearly favor either party.

### C. LENGTH OF DELAY AND IMPACT ON JUDICIAL PROCEEDINGS

The government argues the four-month delay between the appointment of new counsel and the filing of the Rule 33 motion is not justifiable and so the motion for leave should be denied. (Doc. No. 102 at 5-6). The Sixth Circuit noted successor counsel who enter a case to pursue ineffective-assistance claims do so in a "sensitive posture" and "presumably" face "unique difficulties." *Munoz*, 605 F.3d at 372. While Killam stated she would do what was necessary to prevent needless delays, she made that statement in the context of admitting she could not effectively represent Roberts at sentencing. (Doc. No. 100 at 12). She has not admitted to providing constitutionally ineffective assistance.

While McElroy indicated after his appointment that he intended to pursue an ineffective-assistance argument, he had to perform a significant amount of work – e.g., reviewing discovery and trial transcripts, discussing pretrial and trial proceedings with Roberts, investigating any pertinent matters outside of the case record – before filing a Rule 33 motion. As the government admitted during the hearing at which I appointed new counsel for Roberts, this is "a complicated case. The discovery was over 100,000 pages of documents. . . . [T]here were several hundred trial exhibits . . . in the thousands of pages." (Doc. No. 100 at 7); (*see also* Doc. No. 39 and Doc. No. 41). The trial lasted 10 days from the beginning of voir dire to the completion of closing arguments. The voir dire transcript is nearly 650 pages, while the trial transcript exceeds 1,600 pages. In addition to the criminal investigation, there also was a civil lawsuit arising from the same transactions as this case

filed against Roberts, which proceeded for nearly three years before that case was resolved. Moreover, I maintained a dialogue with counsel following McElroy's appointment, including setting a February 2, 2015 deadline for filing the motion and granting Roberts' subsequent motion for a two-week extension of that deadline. (Doc. No. 87; Doc. No. 89) (*see also* non-document entry dated November 21, 2014). In my view, the time period between appointment of counsel and the filing of the Rule 33 motion is not unreasonable in light of the circumstances of this case. *See Munoz*, 605 F.3d at 372. This factor does not weigh in favor of the government.

### D. GOOD FAITH

The government concedes there is no evidence the filing delay was the result of bad faith. (Doc. No. 102 at 7).

### E. BALANCING THE *MUNOZ* FACTORS

The factors the *Munoz* court adopted "do not carry equal weight; the excuse given for the late filing must have the greatest import . . . [and] will always be critical to the inquiry." *Munoz*, 605 F.3d at 372 (quoting *Lowry v. McDonnell Douglas Corp.*, 211 F.3d 457, 463 (8th Cir. 2000)). The reason-for-delay factor favors Roberts and the remaining factors do not clearly favor the government. *See Munoz*, 605 F.3d at 373. Therefore, I conclude Roberts' delay in filing her Rule 33 motion was the result of excusable neglect and grant her motion for leave.

### IV. CONCLUSION

For these reasons, I grant Roberts' motion for leave to file a Rule 33 motion for a new trial and reserve judgment on her motions to vacate her convictions and to grant a new trial. The parties are ordered to submit supplemental briefing regarding their positions on the likely guideline-range sentence Roberts would have faced had she pled guilty to bank fraud well before trial compared to the guideline-range sentence she now faces following her conviction at trial on all 44 counts of the indictment. Roberts' supplemental brief shall be filed on or before September 25, 2015. The

government's brief in opposition shall be filed within 21 days of the date on which Roberts files her brief. Roberts shall file her brief in reply, if any, within 14 days thereafter.

So ordered.

s/ Jeffrey J. Helmick
United States District Judge
